**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ST. LOUIS HEART CENTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:12-CV-2224-JCH |
| | ) | |
| v. | ) | |
| | ) | |
| FOREST PHARMACEUTICALS, INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| and | ) | |
| | ) | |
| THE PEER GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MOTION TO STAY

Defendants Forest Pharmaceuticals, Inc. ("Forest") and The Peer Group, Inc. ("Peer") (collectively "Defendants") respectfully request that the Court stay this case pending (1) final disposition of the appeal in Nack v. Walburg, 715 F.3d 680 (8th Cir. 2013), *pet'n for reh'g and reh'g en banc pending*; and (2) final merits disposition of Forest's administrative petition pending before the Federal Communications Commission (the "FCC").

## Introduction

This case involves, *inter alia*, Plaintiff's novel attempt to impose liability on Defendants for allegedly failing to include word-for-word opt-out language in consensual faxes between for-profit corporations with an established business relationship. The panel decision in Nack addressed a similar issue. See Nack, 715 F.3d at 682 (confirming that the plaintiff in Nack is seeking damages, notwithstanding that the subject fax in Nack was sent with consent). If the Eighth Circuit grants the pending Petition for Rehearing and the relief sought by the defendant in

Nack (and also requested by Forest in its amicus brief), Defendants will be entitled to judgment as a matter of law from this Court.

Alternatively, if the Eighth Circuit does not grant the petition for rehearing, the current panel decision would be controlling and this Court would not have jurisdiction to entertain Defendants' challenges to the regulation at issue until further guidance is provided by the FCC. See Nack, 715 F.3d at 687 ("[w]e do not believe that, in this circumstance, it is possible, or prudent for our court to resolve the issue without the benefit of full participation by the [FCC]"). In Nack, the Eighth Circuit suggested a stay would be appropriate if an administrative proceeding was initiated by the defendant with the FCC. Id. ("[o]n remand, the district court may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised herein."). Based on this guidance, Forest has filed a Petition for Declaratory Ruling with the FCC, so that the administrative agency that enacted the only regulation at issue in this case has an opportunity to discern its application, if any, here.  See Exhibit A, Petition for Declaratory Ruling.

Defendants therefore respectfully request a stay while the Petition for Rehearing is considered by the Eighth Circuit in Nack and, should the relief sought in such Petition be denied, during the administrative proceeding initiated by Forest's Petition for Declaratory Ruling (including any appeal therefrom, as contemplated by the Eighth Circuit).  Nack, 715 F.3d at 685-87.

## Discussion

As further grounds for this relief, Defendants state:

1.      This action alleges a violation of the Telephone Consumer Protection Act (the "TCPA" or "Act"), 47 U.S.C. § 227, specifically those provisions of the TCPA pertaining to

2

unsolicited faxes and regulations promulgated by the FCC, regulations which Plaintiff contends reach even <u>solicited</u> faxes.  The gravamen of this action, as now pleaded, is Plaintiff's allegation that Defendants sent faxes to Plaintiff without including word-for-word opt-out language set out by 47 C.F.R. § 64.1200(a)(4)(iii) and (iv).

2.     The TCPA applies only to faxes that are "unsolicited advertisements."  47 U.S.C. § 227(b)(1)(C); (b)(2)(D).  Yet the FCC has enacted a regulation that expands the TCPA's opt-out notice requirements to <u>solicited</u> faxes in 47 C.F.R. § 64.1200(a)(4)(iv).  This plainly is beyond the agency's power.

3.     Significantly, Plaintiff Heart Center has abandoned its claims in its Original, First Amended and Second Amended Complaints, and no longer contends that the subject faxes were unsolicited.  <u>See</u> Fourth Amended Complaint (Dkt. No. 62).  Similarly, Plaintiff no longer contends that the parties do not have an "established business relationship" ("EBR") as defined in the Act.  <u>Id</u>.  Instead, Plaintiff claims that Defendants failed to include, word-for-word, the opt-out language which Plaintiff claims is required by 47 C.F.R. § 64.1200(a)(4)(iv), even for <u>solicited</u> faxes.

4.     Plaintiff makes these allegations despite the following uncontroverted facts:

a.     There was a long-standing, documented, established business relationship between Plaintiff and Forest;

b.     The faxes in question were not unsolicited (Plaintiff consented to their receipt);

c.     While Plaintiff alleges that the subject faxes may not have included the exact word-for-word language of the regulation, they included opt-out notices identifying toll-free phone and fax numbers, that recipients could use to opt out of receiving future faxes; and

d.     Plaintiff is a serial TCPA litigant that knows perfectly well how to put an end to any unwanted faxes with or without opt-out language.

3

5.      Plaintiff claims Defendants violated the TCPA by failing to include word-for-word the opt-out language provided in the FCC's rules, even though the faxes in question were solicited and consented to by Plaintiff, and notwithstanding the fact that Plaintiff could have elected to opt out of receiving future faxes by telling Forest's employees in person during one of many on-site visits to Plaintiff's office or by using the toll-free numbers provided in the faxes' opt-out notice.

6.      As the Eighth Circuit noted, "[n]either the [Act] nor the regulation use or define the term `solicited' fax advertisements."  Nack, 715 F.3d at 683, n. 1.  Moreover, while the Act imposes limitations and requirements on unsolicited faxes, "[t]he statute itself does not expressly impose similar limitations or requirements on the sending of solicited or consented-to fax advertisements."  Nack, 715 F.3d at 683.

7.      Defendants contend that § 64.1200(a)(4)(iv) is beyond the authority of the FCC, because the TCPA only regulates unsolicited faxes.  That is the central legal issue in the case.  If Defendants are correct, then Plaintiff has no case and Defendants are entitled to either dismissal or summary judgment.

8.      In Nack, the Eighth Circuit held that this Court lacks jurisdiction to determine the validity of § 64.1200(a)(4)(iv).  See Nack, 715 F.3d at 685.  Instead, the Eighth Circuit held that the Hobbs Act, 28 U.S.C. § 2342, requires parties challenging such regulations, such as Forest, to commence an administrative proceeding before the FCC and then appeal any adverse ruling to an appropriate court.  Id. at 685-86.

9.      While not expressly ruling on the challenge to § 64.1200(a)(4)(iv) in Nack, the Eighth Circuit's view of the regulations was clear, as it found it "questionable whether the regulation at issue [as interpreted by the FCC] properly could have been promulgated under the

SLC-6956487-2

statutory section that authorizes a private cause of action."  <u>Nack</u>, 715 F.3d at 682.  The <u>Nack</u> court also clearly articulated that its future analysis of the constitutionality of the FCC's regulation, purportedly restricting <u>solicited</u> faxes, would differ from its prior analysis of the statute's provisions restricting unsolicited faxes.  <u>Id</u>. at 687 ("[s]uffice it to say, the analysis and conclusion set forth in <u>Am. Blast Fax</u> would not necessarily be the same if applied to the [FCC's] extension of authority over solicited advertisements").

10.     As directed by the panel decision in <u>Nack</u>, Forest has filed the required administrative challenge with the FCC.  <u>See</u> Exhibit A, Petition for Declaratory Ruling.

11.     Forest has also filed an amicus brief in support of the defendant's petition for panel or en banc rehearing in <u>Nack</u>.  <u>See</u> Eighth Circuit Court of Appeals Docket #: 11-1460, Appellee's Petition for Rehearing or Rehearing en banc (June 4, 2013); Forest's Motion for Leave to file Amicus in Support of Appellee's Petition (June 12, 2013); Order approving Motion for Leave (June 27, 2013).

12.     If the Eighth Circuit reaches the merits in <u>Nack</u>, its opinion will control.  If the current panel decision in <u>Nack</u> remains good law, Forest will vigorously pursue its administrative remedy, as directed by the Eighth Circuit's decision in <u>Nack</u>.[1]

13.     In either event, this Court will have no guidance on the central legal issue in the case unless the Eighth Circuit rules on the merits or the administrative proceeding concludes.  It is a complete waste of the Court's time and the parties' resources to continue to prosecute this case before receiving a final resolution of the validity and application of § 64.1200(a)(4)(iv).

---

[1]  In its Amicus brief, Forest argues that the District Court had jurisdiction to determine that the FCC regulation did not apply to defendant Walburg's conduct for two reasons.  First, the regulation is not an "order" of the FCC made "reviewable by section 402(a) of title 47."  Second, it is the prerogative of the judiciary to determine the scope of the private right of action, if any, in the TCPA.

Indeed, the Eighth Circuit's panel decision in <u>Nack</u> expressly states that "[w]e do not believe that, in this circumstance, it is possible, or prudent for our court to resolve the issue without the benefit of full participation by the [FCC]." <u>Nack</u>, 715 F.3d at 687.[2]  The court then remanded the case, and <u>sua</u> <u>sponte</u>, suggested a stay, stating, "[o]n remand, the district court may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised herein."

14.     A district court has broad authority to stay proceedings when appropriate.  <u>Sierra Club v U.S. Army Corps of Engineers</u>, 446 F.3d 808, 816 (8th Cir. 2006); <u>Lunde v. Helms</u>, 898 F.2d 1343, 1345 (8th Cir. 1990) (acknowledging a district court's power to grant a stay of proceedings as being incidental to its inherent power to control its docket); <u>see also</u> <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936) (recognizing that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Moreover, here the Eighth Circuit decision has expressly acknowledged in a similar situation that the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised." <u>Nack</u>, 715 F.3d at 687.

15.     In filing its Petition for Declaratory Ruling, Forest is pursuing administrative relief, including an agency determination of the issues raised in <u>Nack</u>, which also are present in this proceeding.  As such, a stay is appropriate.  <u>Id</u>. at 687 ("[w]e do not believe that, in this circumstance, it is possible, or prudent for our court to resolve the issue without the benefit of full participation by the [FCC]"); <u>see also</u> <u>AMC Liquidating Trust v. Sprint Communications</u>

---

[2]  That is not to suggest that the Eighth Circuit does not expect an opportunity for review even if it denies the Petition for Rehearing.  <u>See</u> 47 U.S.C. § 402(a) (providing for jurisdiction following the FCC order); <u>see also</u>, <u>Nack</u>, 715 F.3d at 685 ("As explained below, the Hobbs Act precludes us from entertaining such challenges **at the present stage**") (emphasis added).

6

Co., 295 F. Supp. 2d 650, 651 (M.D. La. 2003) (staying case pending FCC administrative proceeding because "whether the access charges by AMC are just and reasonable . . . is within the special competence of the FCC").

16.     In support of its Motion, Defendants hereby incorporate their Memorandum in Support of Defendants' Motion to Stay and exhibits thereto, as if fully set forth herein.

7

WHEREFORE, Defendants Forest and Peer respectfully submit that the Court should stay this action pending final disposition of the appeal in <u>Nack</u> while the Petition for Rehearing is considered and, should the relief sought in such Petition be denied, during the administrative proceeding initiated by Forest's Petition for Declaratory Ruling (including any appeal therefrom, as contemplated by the Eighth Circuit).  <u>See</u> <u>Nack</u>, 715 F.3d at 685-87.

Respectfully submitted,

Dated: June 28, 2013

HUSCH BLACKWELL LLP

By: <u>/s/  Glennon P. Fogarty</u>
Glennon P. Fogarty, 42983MO
Matthew D. Knepper, 61731MO
190 Carondelet Plaza, Suite 600
St. Louis, Missouri  63105
Telephone:  (314) 480-1500
Fax:  (314) 480-1505
<u>*glennon.fogarty@huschblackwell.com*</u>

***Attorneys for Defendant Forest Pharmaceuticals, Inc.***

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: <u>/s/ Patrick T. Clendenen (*by consent*)</u>
Patrick T. Clendenen
Nelson and Mullins LLP
One Post Office Square, 30th Floor
Boston, MA 02109
<u>pat.clendenen@nelsonmullins.com</u>

Dale M. Weppner, 41080MO
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone:  (314) 241-9090
Fax:  (314) 241-8624
<u>*dmw@greensfelder.com*</u>

***Attorneys for Defendant The Peer Group, Inc.***

8

## CERTIFICATE OF SERVICE

I hereby further certify that on June 28, 2013, this Motion was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Max G. Margulis, Esq.
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017
Telephone:  (636) 536-7022
Facsimile:  (636) 536-6652
*MaxMargulis@MargulisLaw.com*
**Counsel for Plaintiff**

Dale M. Weppner, Esq.
Greensfelder, Hemker & Gale, P.C.
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone:  (314) 241-9090
Facsimile:  (314) 241-8624
*dmw@greensfelder.com*
**Attorneys for Defendant The Peer Group, Inc.**

Brian J. Wanca, Esq. (admitted *pro hac vice*)
Anderson + Wanca
3701 Algonquin Rd., Suite 760
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile:  (847) 368-1501
*bwanca@andersonwanca.com*
**Counsel for Plaintiff**

Patrick T. Clendenen (admitted *pro hac vice*)
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
(617) 573-4700
(617) 573-4710 fax
*Patrick.clendenen@nelsonmullins.com*
**Attorneys for Defendant The Peer Group, Inc.**

*/s/ Glennon P. Fogarty*

9